# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| RUTHIE MAE STEWART, | |
| Plaintiff, | No. 08-CV-16-LRR |
| vs. | **ORDER** |
| GENERAL MILLS, INC., GENERAL MILLS CEREALS, LLC and GENERAL MILLS OPERATIONS, INC., | |
| Defendants. | |

The matters before the court are Plaintiff Ruthie Mae Stewart's "Motion to Enlarge Time to Complete Discovery" ("Discovery Motion") (docket no. 15), "Motion to Extend Deadline for Filing Resistance to Defendant's [sic] Motion for Summary Judgment" ("Motion to Extend") (docket no. 16), "Voluntary Dismissal" (docket no. 17) and "Motion to Remand" (docket no. 18) (collectively, "matters"). Plaintiff filed these matters on December 15, 2008. Defendants General Mills, Inc., General Mills Cereals, LLC and General Mills Operations, Inc. ("Defendants") have not filed a response to these matters, and the time for doing so has not yet expired. However, because these matters are interrelated and seek to enlarge deadlines relevant to the Defendants' Motion for Summary Judgment (docket no. 14) presently pending before the court, the court elects to rule on these matters before Defendants file any response. *See* L.R. 7.e (allowing the court to "elect to rule on a motion without waiting for a resistance or response" in noncontroversial situations or when "circumstances otherwise warrant").

## *I. VOLUNTARY DISMISSAL*

The court first considers the Voluntary Dismissal. In the Voluntary Dismissal, Plaintiff "voluntarily moves to dismiss her claims in Counts II and III of her cause of

action against Defendant[s] which are pursuant to 42 U.S.C. 2000e, *et seq.* only, without prejudice, on the grounds that [. . .] it has been determined that the statute of limitations on those claims [. . .] expired prior to the filing of this lawsuit." Voluntary Dismissal at 1.

It is unclear whether Plaintiff intended the Voluntary Dismissal to be a motion seeking a court order dismissing Counts II and III, or whether Plaintiff intended the Voluntary Dismissal to operate by itself, without court action, to dismiss Counts II and III. Either way, the court shall strike the Voluntary Dismissal.

To the extent Plaintiff seeks to dismiss Counts II and III without the court's involvement, the Voluntary Dismissal violates Federal Rule of Civil Procedure 41(a). Rule 41(a) provides that a plaintiff "may dismiss an action without a court order by filing" either: "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1). Defendants have filed both an answer and a motion for summary judgment. Therefore, if Plaintiff wishes to dismiss Counts II and III without a court order, Plaintiff must file a stipulation of dismissal signed by all parties. Fed. R. Civ. P. 41(a)(1)(ii). Plaintiff has failed to do so.

To the extent Plaintiff seeks to dismiss counts II and III through a court order, that is, pursuant to a motion, the Voluntary Dismissal fails to comply with the Local Rules in at least three respects. First, Plaintiff failed to "cit[e] to all statutes or rules under which the motion is made." L.R. 7.b.4. Second, Plaintiff failed to "prepare a brief containing a statement of the grounds for the motion and citations to the authorities upon which the moving party relies." L.R. 7.d. Third, Plaintiff failed to include "a representation that counsel for the moving party has conferred in good faith with counsel for all other parties [. . .] concerning the motion, and a statement of whether or not the other parties consent to the motion." L.R. 7.l. "If the moving party has not conferred with another party, the

motion must contain a description of the efforts made to consult with the party and an explanation of why the efforts were unsuccessful." *Id*. Due to these multiple violations of the Local Rules, to the extent the Voluntary Dismissal seeks relief from the court, the court denies any such relief.

## *II. MOTION TO REMAND*

Next, the court turns to consider the Motion to Remand. Plaintiff argues that, because her federal claims should be dismissed pursuant to the Voluntary Dismissal, the court will no longer have subject matter jurisdiction over this action, or alternatively, the court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims in light of the Voluntary Dismissal. A party may file a motion for remand if "it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Because the court shall strike the Voluntary Dismissal, Plaintiff's federal claims shall remain before the court and the court shall maintain federal question jurisdiction over the federal question claims and shall exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"); 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]"). Therefore, there is no basis for remand under 28 U.S.C. § 1447(c). Plaintiff's alternative arguments are similarly premised upon the court's dismissal of Plaintiff's federal claims pursuant to the Voluntary Dismissal and are equally without merit.

The court shall also deny the Motion to Remand because Plaintiff failed to comply with the local rules in at least two respects. First, Plaintiff failed to "prepare a brief containing a statement of the grounds for the motion and citations to the authorities upon which the moving party relies." L.R. 7.d. Second, Plaintiff failed to include "a

3

representation that counsel for the moving party has conferred in good faith with counsel for all other parties [. . .] concerning the motion, and a statement of whether or not the other parties consent to the motion." L.R. 7.l. Accordingly, the court shall deny the Motion to Remand.

### III. DISCOVERY MOTION

In the Discovery Motion, Plaintiff asks the court to move the discovery deadline from October 15, 2008 to February 15, 2009. In support of the Discovery Motion, Plaintiff states that information revealed in her deposition, taken on October 2, 2008, "warrants and necessitates further discovery." Discovery Motion at ¶ 2.

The court holds that Plaintiff has failed to show "good cause" warranting an extension of the parties' discovery deadline. L.R. 16.f. Plaintiff's request for an extension is untimely and aligns itself conspicuously with Plaintiff's varied efforts to avoid a timely reply to the Motion for Summary Judgment, all of which are discussed in the instant order. Plaintiff had nearly two weeks to file a motion to extend discovery following the revelation of certain information in her deposition prior to the close of discovery. However, rather than file a motion to extend discovery as soon as a need for such an extension arose, Plaintiff waited six weeks to make such a request. Further, this request comes two months after the close of discovery. The court finds the Discovery Motion is without merit and shall deny it.

### IV. MOTION TO EXTEND

Finally, the court turns to consider the Motion to Extend. In the Motion to Extend, Plaintiff curiously seeks to extend the deadline to resist the Motion for Summary Judgment in order to "allow adequate time for [Defendants] to review and respond to the [Voluntary Dismissal] and Motion to Remand." Motion to Extend at ¶ 3. As set forth above, the court shall strike the Voluntary Dismissal and deny the Motion to Remand. As a result, the basis and rationale for the Motion to Extend has been extinguished, thereby mooting

the Motion to Extend. Accordingly, the court shall deny the Motion to Extend.

## V. CONCLUSION

In light of the foregoing, **IT IS HEREBY ORDERED THAT**:

(1)     the Voluntary Dismissal (docket no. 17) is **STRICKEN**;

(2)     the Motion to Remand (docket no. 18) is **DENIED**;

(3)     the Discovery Motion (docket no. 15) is **DENIED**; and

(4)     the Motion to Extend (docket no 16) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 16th day of December, 2008.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA